Filed 3/13/25  P. v. Montana CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# FOURTH APPELLATE DISTRICT

# DIVISION TWO

|  |  |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E082991 |
| v. | (Super.Ct.No. HEF002555) |
| GERSON MONTANA, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  John D. Molloy, Judge. Reversed with directions.

Marilee Marshall, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Collette C. Cavalier and James Spradley, Deputy Attorneys General, for Plaintiff and Respondent.

1

Gerson Montana appeals from the trial court's order denying him relief under Penal Code section 1172.75 after the California Department of Corrections and Rehabilitation (CDCR) identified him as a person serving time on a judgment that includes a now-invalid prior prison term enhancement. (Unlabeled statutory references are to the Penal Code.) Montana argues that one of the prior prison term enhancements that was imposed in 2001 under subdivision (b) of section 667.5 is legally invalid because the prosecution did not plead or prove that it was for a sexually violent offense. We agree. We therefore reverse the order and remand with directions to recall Montana's sentence and resentence him under section 1172.75, subdivision (d).

## BACKGROUND

In 1986, Montana pled no contest to assault with intent to commit rape (§ 220), kidnapping (§ 207, subd. (a)), and robbery (§ 211). The trial court sentenced him to three years in state prison, consisting of two years for the assault with intent to commit rape and an additional one year for the personal use of a deadly and dangerous weapon (§ 12022, subd. (b)), a concurrent sentence of three years for the kidnapping count, and a concurrent sentence of two years for the robbery count. In 1991, Montana pled guilty to rape (§ 261), and the court sentenced him to 10 years in state prison.

In May 2000, the People filed an information alleging that Montana committed a lewd or lascivious act upon a child under the age of 16 years and more than 10 years younger than himself in violation of subdivision (c) of section 288. The information further alleged that Montana served prior prison terms for the 1986 kidnapping

2

conviction and for the 1991 rape conviction. (§ 667.5, subd. (b).) The information also alleged that Montana had previously been convicted of two serious and violent felonies: one for the 1986 kidnapping conviction and the other for the 1991 rape conviction. (§§ 667, subds. (c) & (e), 1170.12, subd. (c).)

In February 2001, a jury found Montana guilty on the lewd or lascivious act charge. In a bifurcated proceeding, the People introduced certified copies of Montana's 1986 and 1991 cases. The court found true that Montana had served the prior prison terms and that he had been convicted of the serious and violent felonies. The court sentenced him to 25 years to life pursuant to the three strikes law and to two years for the prior prison term enhancements, for a total of 27 years to life in state prison.

When Montana was sentenced in 2001, subdivision (b) of section 667.5 required trial courts to impose a one-year enhancement for each true finding on an allegation that the defendant had served a separate prior prison term and had not remained free of custody for at least five years. (Former § 667.5, subd. (b).) However, as of January 1, 2020, Senate Bill No. 136 (2019-2020 Reg. Sess.) amended section 667.5, subdivision (b), to eliminate sentence enhancements for prior prison terms unless the prior terms were for sexually violent offenses as defined in Welfare and Institutions Code section 6600, subdivision (b). (Stats. 2019, ch. 590, § 1; *People v. Carter* (2023) 97 Cal.App.5th 960, 966.) Two years later, Senate Bill No. 483 (2021-2022 Reg. Sess.) added section 1172.75 (formerly § 1171.1) to make the new limitations on prior prison term enhancements retroactive to certain final judgments. (Stats. 2021, ch. 728, § 3.)

3

Subdivisions (c) and (d) of section 1172.75 create a procedure for resentencing of eligible defendants.

In February 2022, CDCR notified the trial court that Montana was potentially eligible for resentencing under section 1172.75 because he was serving a term for a judgment that included a now-invalid prior prison term enhancement.[1] Montana filed a motion asking the court to find him eligible for resentencing under section 1172.75, subdivision (d), because his prior prison term enhancement was not imposed on the basis of a sexually violent offense.

The trial court denied Montana relief under section 1172.75. The court found that Montana's prior prison term enhancement was for a sexually violent offense, reasoning that "the prison prior . . . cannot be segregated from all of the charges that were [pled] and proved. And one of the charges [pled] and proved in the prison prior, which he did a term was [section] 220 of the Penal Code, which falls specifically within those enumerated within [section] 6600 (b) of the Welfare and Institutions code." The court acknowledged that "[k]idnapping was the only charge alleged in the charging document."

---

[1] The record on appeal did not reflect that CDCR had identified Montana to the sentencing court as a person serving a term for a judgment that includes a section 667.5, subdivision (b), enhancement as required by section 1172.75. We therefore invited the parties to file supplemental briefs addressing the issue of whether this court has jurisdiction to consider Montana's appeal. (*People v. Burgess* (2022) 86 Cal.App.5th 375, 379-382.) In response, Montana filed a motion to augment the record to include a list that CDCR provided to the sentencing court identifying persons serving a term for a judgment that includes now-invalid prior prison term enhancements. Montana's name and his 2001 case number are on that list.

DISCUSSION

Montana argues that the prior prison term enhancement that was imposed in 2001 for his 1986 kidnapping conviction is now legally invalid because it was "never pled nor proven that the kidnapping for which a prison sentence was imposed was for purposes of rape." We agree.

Section 1172.75, subdivision (a), provides that "[a]ny sentence enhancement that was imposed prior to January 1, 2020, pursuant to subdivision (b) of Section 667.5, except for any enhancement imposed for a prior conviction for a sexually violent offense . . . is legally invalid." Section 1172.75, subdivision (b), requires the Secretary of CDCR and the administrators for each county jail to "identify those persons in their custody currently serving a term for a judgment that includes an enhancement described in subdivision (a)" and to provide certain information about those individuals "to the sentencing court that imposed the enhancement." Upon receiving that information, the trial court "shall recall the sentence and resentence the defendant" if the court "determines that the current judgment includes an enhancement described in subdivision (a)." (§ 1172.75, subd. (c).) The resentencing "shall result in a lesser sentence than the one originally imposed as a result of the elimination of the repealed enhancement, unless the court finds by clear and convincing evidence that imposing a lesser sentence would endanger public safety." (§ 1172.75, subd. (d)(1).)

The issue presented in this case—whether a prior prison term enhancement is legally invalid under section 1172.75 if the conviction that was pled and proved as the

5

basis for the enhancement was not a sexually violent offense but the defendant was convicted and sentenced to a concurrent prison term for a sexually violent offense in the same case as the conviction that was pled and proved—was considered by Division One of this district after Montana filed his reply brief in this case. (*People v. Green* (2024) 104 Cal.App.5th 365 (*Green*).) *Green* held that a prior prison term enhancement like Montana's is legally invalid, and we find its reasoning persuasive.

The defendant in *Green* was charged with one count of possessing cocaine base with the intent to sell (Health & Saf. Code, § 11351.5), and it was alleged that he had served a prior prison term for a 1990 robbery conviction (§§ 667.5, subd. (b), 211) and that he had two prior strikes—one for the robbery and one for a 1990 lewd or lascivious act on a child (§§ 667, subds. (b)-(i), & 1170.12). (*Green*, *supra*, 104 Cal.App.5th at pp. 368-369.) A jury convicted him of the lesser included offense of unlawfully possessing a controlled substance. (*Id.* at p. 368.) At a bifurcated bench trial, the defendant admitted that he had served a prior prison term for the robbery (§ 211) and that he had prior strikes for the robbery and the lewd or lascivious act (§ 288, subd. (a)). (*Green*, at pp. 368-369.) The court sentenced him to 25 years to life for the third strike (§ 667, subd. (e)(2)) and a consecutive one-year sentence for the prior prison term enhancement (§ 667.5, subd. (b)). (*Green*, at pp. 368-369.)

In 2022, CDCR notified the sentencing court that the defendant was potentially eligible for resentencing under section 1172.75 because he was serving a term for a judgment that included a now-invalid prior prison term enhancement pursuant to Senate

6

Bill No. 483 (2021-2022 Reg. Sess.). (*Green*, *supra*, 104 Cal.App.5th at p. 369.) The defendant filed a request for resentencing pursuant to section 1172.75, and at the hearing, the court found that he "was ineligible for resentencing based on his 1990 conviction [for the lewd or lascivious act], for which he received a concurrent sentence." (*Green*, at p. 369) The trial court "reasoned that the prison prior enhancement could have been imposed for the [lewd or lascivious act] because he served sentences for both the robbery and the lewd act as a single prison term." (*Ibid*.)

The Court of Appeal reversed. (*Green*, *supra*, 104 Cal.App.5th at p. 373.) The court reasoned that even though the People alleged the sexually violent offense for purposes of the three strikes law, they did not allege and the defendant did not admit that he had served a separate prison term for that offense. (*Id*. at pp. 370-371 [prison priors may be imposed only when "'charged and admitted or found true'"].) The defendant's prior prison term enhancement therefore was not "imposed for" a sexually violent offense, so it was legally invalid under section 1172.75. (*Green*, at p. 371.)

*Green* is directly on point. Montana served concurrent sentences for his 1986 convictions of assault with intent to commit rape, kidnapping, and robbery. When he was charged with a lewd or lascivious act offense in 2000, the People alleged that he had served a prior prison term for the 1986 kidnapping conviction. The People did not allege that the kidnapping was committed with the intent to commit rape or that his conviction for assault with intent to commit rape was the basis for his prior prison term enhancement. After the jury found him guilty on the lewd or lascivious act charge, the

7

court found true beyond a reasonable doubt that he had served the prior prison term for kidnapping. At his section 1172.75 hearing in 2023, the court found that Montana's prior prison term enhancement was for a sexually violent offense even though the information in 2000 alleged only the kidnapping conviction as the basis for the enhancement. Kidnapping is not defined as a sexually violent offense in subdivision (b) of section 6600 of the Welfare and Institutions Code, so Montana's prior prison term enhancement is now legally invalid. He is therefore entitled to recall of his sentence and resentencing pursuant to section 1172.75.

The People argue that *Green* is distinguishable. They contend that unlike the defendant in *Green*, who "only admitted that he served a prior prison term for his robbery (not for his committing a lewd act upon a child conviction)," Montana "admitted that his prior prison term was served for all three of his convictions including kidnapping, robbery, and assault with the intent to commit rape."

The argument lacks merit. The only conviction that was alleged in support of the enhancement at issue was the kidnapping conviction. The sentencing court found that prior conviction allegation true and imposed the enhancement on that basis alone. *Green* is therefore controlling.

## DISPOSITION

The trial court's order finding Montana ineligible for resentencing under section 1172.75 is reversed. The matter is remanded with directions to recall Montana's sentence and resentence him under section 1172.75, subdivision (d).

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

MENETREZ

J.

We concur:

MILLER

     Acting P. J.


CODRINGTON

     J.